15948-18
KEF/tlp

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WAYNE COLSON, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|    v. ) | No.: 20-cv-02014-CSB-EIL |
| ) | |
| CITY OF URBANA and URBANA POLICE OFFICERS ) | |
| LT. RICHARD SURLES, SGT. MATT BAIN, MICHAEL ) | |
| CERVANTES, MICHAEL HEDIGER, ANTHONY ) | |
| MEENELY, and DAVE ROESCH, ) | |
| ) | |
|    Defendants. ) | |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

NOW COME the Defendants, CITY OF URBANA, RICHARD SURLES, MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY and DAVE ROESCH, by Keith E. Fruehling of Heyl, Royster, Voelker & Allen, their attorneys, and for their Motion to Dismiss the Complaint of the Plaintiff, WAYNE COLSON, pursuant to Federal Rule of Civil Procedure 12(b)(6), state as follows:

**INTRODUCTION**

On January 22, 2020, Plaintiff, Wayne Colson, filed this suit for money damages pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants, CITY OF URBANA, RICHARD SURLES, MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY and DAVE ROESCH, violated Plaintiff's federal Constitutional rights and various State law torts. (d/e #1, Pl.'s Compl.). Counts I (False Imprisonment/Arrest) and II (Unlawful Pretrial Detention) of the Complaint presently allege violations of the Plaintiffs rights under the Fourth Amendment against all Defendants. Counts III and IV both attempt to allege supervisory liability against Defendants Surles

and Bain and Unlawful Conspiracy against all Defendants, respectively.  Count V asserts a claim for indemnification against the City of Urbana under Illinois State law.  Finally, Counts VI and VII, respectively allege state law claims for intentional infliction of emotional distress and malicious prosecution.

Plaintiff's § 1983 claims under Counts III and IV should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because they fail to state a claim by failing to provide sufficient facts under *Twombly* and *Iqbal*. Moreover, Counts VI and VII should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because they are untimely.  The statute of limitations for bringing an Illinois State tort claim against local governmental entities and their employees is one year, and the claim accrues when the Plaintiff knew or should have known of his injury. *See* 745 ILCS 10/8-101 (West. 2016). The criminal proceeding Plaintiff references in his Complaint was dismissed by the Champaign County Circuit Court in or about December 21, 2018.  Thus, Plaintiff was required to file the claims set forth in Counts VI and VII no later than December 21, 2019.  Since he did not bring the instant suit until January 22, 2020, his claim in Counts VI and VII are time-barred. Alternatively, his state law claims should be dismissed for failure to state a claim upon which relief could be granted.

**ARGUMENT**

**I. COUNTS III, AND IV OF PLAINTIFF'S COMPLAINT FAIL TO STATE A CAUSE OF ACTION**

    **A.**    **Count III Must Be Dismissed Because it Fails to Provide the Necessary Factual Basis Establishing The Basis For a Claim of Supervisory Liability**

Under the Federal Rules, a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed.

2d 929 (2007)). To meet this plausibility standard, a plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). Additionally, "a plaintiff must plead facts that suggest a right to relief beyond the speculative level." *Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984, 988 (7th Cir. 2012) (citing *Twombly*, 550 U.S. at 555).

Section 1983 establishes personal liability on the part of any person who causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "The doctrine of *respondeat superior* does not apply to § 1983 actions . . . ." *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, for a supervisor to be liable under Section 1983, the supervisor "must be personally responsible for the deprivation of the constitutional right." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). To establish this type of personal involvement, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see". Id. (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992-93 (7th Cir. 1988)).

Count III of Plaintiff's Complaint contains nothing but the type of boilerplate allegations against Defendants Surles and Bain that federal law prohibits. If you were to remove the names of Defendants Surles and Bain from the Complaint you could literally place any two names in the Complaint and the allegations would fit the legal prima facie conclusions of the cause of action but not the type of specificity that the federal law requires to support a supervisory claim give that there is no *respondeat superior* liability.

Count III of Plaintiff's Complaint should be dismissed. If Plaintiff is given an opportunity to remedy these insufficiencies, then Plaintiff should allege facts establishing the fundamental

"who, what, why, where when and how" regarding how Defendant Surles and Bain each allegedly, individually actively knew about or participated in allowing the alleged violations and/or had notice of the alleged improper conduct and allowed it to continue or otherwise "directed, tolerated, condoned, and/or ratified the misconduct and failed to take prompt remedial action.

To the extent that Count III alleges that Defendants Surles and/or Bain personally were individually and primarily engaged in the alleged falsification of evidence and/or the condoning of the same (see ¶¶28 and 29), said allegations are duplicative or Counts I and II.  If Plaintiff is given an opportunity to attempt to remedy the above deficiencies, Plaintiff should not be allowed to introduce duplicative grounds in separate counts.

    **B.    Count IV Must Be Dismissed Because it Fails to Provide the Requisite Minimum Factual Notice For These Defendants For a Claim for Section 1983 Conspiracy under Federal Law.**

Similarly, Count IV of the Plaintiff's Complaint fails to provide the requisite fundamental factual specificity to state a cause of action.  Under the same legal requisites set forth above in Section A above, Plaintiff utilizes legal conclusions for his prima facie case and said conclusions lack the requisite facts. However, federal law requires an even more stringent pleading requirement when a Plaintiff seeks to assert a claim for Section 1983 conspiracy.

In order to state a conspiracy claim under section 1983, the plaintiff must allege: (1) an express or implied agreement among the defendants to deprive the plaintiff of a constitutional right; and (2) actual deprivation of those rights via overt acts in furtherance of the agreement. *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988). Under section 1983, conclusory allegations of a conspiracy are insufficient to withstand a motion to dismiss. *Goldschmidt v. Patchett*, 686 F.2d

582, 585 (7th Cir. 1982). "[A] conspiracy requires factual allegations showing a meeting of minds." Id.   See also, *Baker v. Chicago Police Dep't*, 2000 U.S. Dist. LEXIS 6087

In this case, beyond Colson's conclusory assertions against all six Defendants, he fails to allege any facts to support the conclusion of an alleged agreement between any of the Defendants to deprive him of his liberty in violation of the Fourth Amendment.  Again, similar to the foregoing section/argument, any name could be inserted into the boiler-plate allegations of Count IV.  That cannot stand as sufficient notice to the Defendants as to the nature of the conspiracy claim against them.  Therefore, the Court must dismiss Plaintiff's conspiracy claim because Plaintiff has failed to allege the prerequisite facts establishing a "meeting of minds." If the Plaintiff is given an opportunity to remedy these deficiencies in the form of an Amended Complaint, those allegations ought to set forth additional facts serving as the alleged factual basis for the meeting of the minds of each of the individual Defendants to their alleged participation in the agreement to deprive Plaintiff of his Constitutional right(s).

## II. PLAINTIFF'S STATE LAW CLAIMS ARE TIME-BARRED PURSUANT TO THE ONE-YEAR STATUTE OF LIMITATIONS UNDER THE ILLINOIS TORT IMMUNITY ACT

### A.    Malicious Prosecution

An Illinois malicious prosecution claim is subject to a one-year statute of limitations. *See Parish v. City of Elkhart, 614 F.3d 677, 679* (7th Cir. 2010) (for state law claims, courts apply the relevant state's law regarding the statute of limitations); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005) (under the Local Government and Local Governmental Employees Tort Immunity Act, the applicable statute of limitations is one year) (citing 745 Ill. Comp. Stat. 10/8-101). An Illinois malicious prosecution claim accrues when proceedings against an individual are terminated in his

favor. *Ferguson v. City of Chicago*, 213 Ill. 2d 94 (2004).  See also, *Stapinski v. Masterson*, 2017 U.S. Dist. LEXIS 16646 (2017).  Under 745 ILCS 10/8-101(a):

> (a) No civil action other than an action described in subsection (b) may be commenced in any court against a local entity or any of its employees for any injury unless it is commenced within one year from the date that the injury was received or the cause of action accrued.

In the instant case, the Champaign County Circuit Court dismissed the subject indictment/case (case number - 18 CF 108) on December 21, 2018. (See Exhibit A). Therefore, the statute of limitations expired on December 21, 2019.  Since he did not bring the instant suit until January 22, 2020, his state law claim for malicious prosecution is time-barred.  Since Plaintiff filed his suit for malicious prosecution beyond the one-year statute of limitations, it is time-barred and must be dismissed with prejudice.

      **B.**    **Intentional Infliction of Emotional Distress**

Similar to Plaintiff's malicious prosecution claim, Plaintiff's state law intentional infliction of emotional distress ("IIED") claim is also barred by the one-year statute of limitations. See *Henry v. Ramos*, No. 97 C 4025, 1997 U.S. Dist. LEXIS 15205, *9 (N.D. Ill. Sep. 25, 1997). The Seventh Circuit has held that a claim for intentional infliction of emotional distress stemming from an arrest and prosecution accrues on the date of the arrest. *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013) (citing *Evans v. Chicago*, 434 F.3d 916, 934 (7th Cir. 2006)). *See also*, *Stapinski v. Masterson*, 2017 U.S. Dist. LEXIS 16646 (2017).

The alleged misconduct by any of the Defendants that Plaintiff relies on for his IIED claim incorporate only the following as bases for the claim:  false arrest/imprisonment, unlawful pretrial detention and conspiracy to commit the foregoing.  Plaintiff alleges that he was arrested on or about 1/26/18.  (See d/e #1, ¶ 11)  As set forth above, the criminal proceedings against him ended

on or about December 21, 2018, including any basis for any detention relating to said criminal proceedings.

Plaintiff did not file his suit for intentional infliction of emotional distress until January 22, 2020, which is more than one year from either of the accrual dates set forth above, namely: the acts giving rise to the alleged claim. Thus, Plaintiff's IIED claim is clearly time-barred. Accordingly, Plaintiff's IIED claim should be dismissed with prejudice.

**CONCLUSION**

For the reasons set forth above, the Defendants, CITY OF URBANA, RICHARD SURLES, MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY and DAVE ROESCH, respectfully move this Court for an order dismissing Plaintiff's Complaint with prejudice.

    Respectfully submitted,

    CITY OF URBANA, RICHARD SURLES, MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY and DAVE ROESCH, Defendants

    BY: s/Keith E. Fruehling
    Keith E. Fruehling, ARDC #: 6216098
    HEYL, ROYSTER, VOELKER & ALLEN
    Suite 505, 301 N. Neil Street
    Champaign, IL 61820
    Telephone 217.344.0060
    Email: kfruehling@heylroyster.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 27, 2020, I electronically filed the foregoing DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF with the Clerk of the Court using the CM/ECF system, which will send notification to:

Brendan Shiller, Esq. – brendan@shillerpreyar.com
Shiller*Preyar Law Office
601 S. California Ave.
Chicago, IL 60612

      I also hereby certify that I mailed by United States Postal Service the foregoing to the following non-CM/ECF participant:   None.

                                                       s/ Keith E. Fruehling_____
                                                       Heyl, Royster, Voelker & Allen

37632635_1