UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| WAYNE COLSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF URBANA and URBANA OFFICERS LT. RICHARD SURLES, SGT. MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY, and DAVE ROESCH, | ) Case No. 20-cv-2014 |
| | ) |
| Defendants. | ) |

**O R D E R**

Plaintiff, Wayne Colson, filed his Complaint (#1) on January 22, 2020. Before the court is Defendants' Motion to Dismiss (#14), to which Plaintiff has filed a Response (#16). This motion is fully briefed and ready for ruling. For the following reasons, the motion to dismiss is GRANTED in part and DENIED in part.

I.  BACKGROUND

Plaintiff was arrested and charged with multiple felonies related to a shooting. The criminal case against Plaintiff was terminated in Plaintiff's favor, and Plaintiff then filed this suit alleging Fourth and Fourteenth Amendment violations pursuant to 42 U.S.C. § 1983, as well as pendent state law claims.

The following facts are drawn from the Complaint (#1) and are accepted as true for the purposes of this order. *Olson v. Champaign Cty., Ill.*, 784 F.3d 1093, 1095 (7th Cir. 2015).

The individual Defendants ("Defendant Officers") were, at all times relevant, Urbana Police Officers.

On around January 21, 2018, there was a shooting at or around a fraternity party. The shooting left two women injured. Defendant Officers fabricated eyewitness identifications to implicate Plaintiff, knew of the fabricated eyewitness identifications that were used to implicate Plaintiff, or both. "The fabrication of the eyewitness identifications was apparent on their face as there were scratches out and the use of white out." Based on the fabricated identifications, a warrant for Plaintiff's arrest was procured and Plaintiff was arrested on January 26, 2018.

There was no probable cause or lawful justification for arresting Plaintiff, and the acts of Defendant Officers were willful and wanton.

Based on the fraudulent identification, Plaintiff was charged with multiple felonies and spent close to a year in jail for a crime he did not commit. "All charges against Plaintiff were dismissed in a manner consistent with his innocence and the case against him was closed on 11 February 2019."

Plaintiff alleges seven counts against Defendants, as follows. The court includes more details only as needed to discuss the counts challenged in the instant motion to dismiss.

"COUNT I – 42 U.S.C. § 1983 – False Imprisonment/Arrest."

"COUNT II – 42 U.S.C. § 1983 – Unlawful Pretrial Detention."

"COUNT III – 42 U.S.C. § 1983 – Supervisory Liability." This count is alleged against Defendants Lt. Surles and Sgt. Bain. As to Count III, Plaintiff adds that Defendant Surles, Defendant Bain, or both, knew that the other Defendant Officers were about to falsify evidence against Plaintiff in violation of Plaintiff's constitutional rights. Alternatively, Plaintiff alleges that Defendant Surles, Defendant Bain, or both, knew that the other Defendant Officers had a practice of falsifying evidence and manifesting deliberate indifference to the due process rights of others in similar situations. Plaintiff alleges that Defendant Surles, Defendant Bain, or both, "directed, tolerated, condoned, and/or ratified the misconduct and failed to take prompt remedial action."

"COUNT IV – 42 U.S.C. § 1983 – Conspiracy to Deprive Constitutional Rights."

As to Count IV, Plaintiff adds that Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime he did not commit and to deprive him of his constitutional rights. Each of the co-conspirators is alleged to have committed overt acts and otherwise been a willful participant. Plaintiff alleges the misconduct was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others. Plaintiff alleges that as a result of the agreement, Plaintiff's rights were violated, and he suffered damages.

"COUNT V – 745 ILCS 10/9-102 – Indemnification."

"COUNT VI – Intentional Infliction of Emotional Distress (State Law Claim)."

"COUNT VII – Malicious Prosecution (State Law Claim)."

## II. ANALYSIS

A.  <u>Motion to Dismiss Legal Standard</u>

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Sloan v. Am. Brain Tumor Assoc.*, 901 F.3d 891, 894 (7th Cir. 2018).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Sloan*, 901 F.3d at 894. However, where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 885 (7th Cir. 2012). Although a complaint's factual allegations are accepted as true at the pleading stage, allegations in the form of legal conclusions are insufficient to survive a Rule 12(b)(6) motion, so threadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice. *McReynolds*, 694 F.3d at 885. The plausibility standard calls for a "context-specific" inquiry that requires the court to draw on its judicial experience and common sense. *McReynolds*, 694 F.3d at 885.

B. <u>Defendants' Motion to Dismiss</u>

Defendants raise several challenges to Plaintiff's Complaint. The court addresses each in turn.

1. *Whether Count III States a Supervisory Liability Claim*

Defendants argue Count III fails to state a plausible claim for supervisory liability against Surles and Bain, instead containing mere boilerplate allegations. Plaintiff responds that the Complaint states a plausible claim for supervisory liability.

To state a § 1983 claim of any sort, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or federal law and (2) that the defendants were acting under color of state law in depriving the plaintiff of that right. *Wilson v. Warren Cty., Ill.*, 830 F.3d 464, 468 (7th Cir. 2016).

For a supervisor to be liable under § 1983, the supervisor "must be personally responsible for the deprivation of the constitutional right." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). To establish this type of personal involvement, the supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Id.*, quoting *Jones v. City of Chi.*, 856 F.2d 985, 992-93 (7th Cir. 1988).

Defendants argue that if Surles and Bain's names were removed, "you could literally place any two names in the Complaint and the allegations would fit the legal prima facie conclusions of the cause of action but not the type of specificity that the federal law requires to support a supervisory claim…."

Plaintiff responds that, although in some cases a supervisor may not have reason to know their subordinates fabricated evidence, here it "was plain and apparent due to scratch outs and white out that the eyewitness 'identification' had been modified." Plaintiff also points out that he alleged Defendant Officers (including Surles and Bain) knew of the fabrication of eyewitness identifications that were used to implicate Plaintiff.

The court agrees with Plaintiff. At this early stage of the case, Plaintiff has plausibly alleged that the fabricated eyewitness identifications were so crudely tampered with that the alterations were readily apparent. Further, Plaintiff has alleged that all Defendants, including supervisors Surles and Bain, knew of the fabrication. That is enough, at this early stage of the case and accepting the allegations as true, to state a claim for supervisory liability. See *Chavez v. Ill. State Police*, 251 F.3d 612, 652 (7th Cir. 2001) (a defendant "will be deemed to have sufficient personal responsibility if … the constitutional violation … occurred with his knowledge…"); *Mayes v. City of Hammond, Ind.*, 442 F. Supp. 2d 587, 635 (denying summary judgment motion by supervisor who knew of subordinates' constitutional violations and permitted the violations to continue).

Defendants' motion is DENIED as to Count III.

### 2. *Whether Count IV States a Claim for a § 1983 Conspiracy*

"To support conspiracy liability under § 1983, [a plaintiff] must allege that '(1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights.'" *Gibson v. City of Chi.*, 2020 WL 4349855, at *12 (N.D. Ill. July 29, 2020), citing *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015).

The court finds, accepting the allegations as true, and based on this matter being at the pleading stage, that Plaintiff has stated a claim for conspiracy that contains "enough facts to state a claim to relief that is plausible on its face." See *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court makes no determination on the merits of Defendants' arguments, and all of Defendants' arguments may be reraised at a later stage in the proceedings where the record can be more fully developed "and when the applicable procedural rules permit a more fulsome and searching analysis." See *Access 4 All, Inc. v. Chi. Grande, Inc.*, 2007 WL 1438167, at *1 (N.D. Ill. May 10, 2007).

Defendants' motion is DENIED as to Count IV.

### 3. *Whether Plaintiff's State Law Claims are Time-Barred*

#### i. Count VII Malicious Prosecution

An Illinois malicious prosecution claim is subject to a one-year statute of limitations. *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005), citing 745 Ill. Comp. Stat. 10/8-101.

"Under Illinois law, '[a] cause of action for malicious prosecution does not accrue until the criminal proceeding on which it is based has been terminated in the plaintiff's favor.'" *Todd v. Bridges*, 2020 WL 3843673, at *3 (N.D. Ill. July 8, 2020), citing *Ferguson v. City of Chi.*, 820 N.E.2d 455, 459 (Ill. 2004).

Defendants argue that the trial court in the underlying criminal case "dismissed the subject indictment/case … on December 21, 2018," thus Plaintiff's claim accrued on that date, and the statute of limitations expired on December 21, 2019, making Plaintiff's January 22, 2020, filing of this suit untimely.

In support of this argument, Defendants do not rely on facts alleged in the Complaint. Rather, Defendants attach a certified copy of the docket sheet and other filings from the underlying criminal case as an exhibit to their motion. (#14-1). Plaintiff does not contest the authenticity of these public records, but objects to the propriety of the court considering them because they fall outside the four corners of the Complaint.

The court may take judicial notice of matters of public record without converting a Rule 12(b)(6) motion to a motion for summary judgment. *Happel v. Wal-Mart Stores, Inc.*, 286 F. Supp. 2d 943, 945 (N.D. Ill. 2003). All the records attached to Defendants' motion to dismiss are certified public records. Therefore, the court will take judicial notice of these documents. See *Heidelberg v. Manias*, 2019 WL 4862069, at *8 (C.D. Ill. Mar. 26, 2019).

The documents attached to Defendants' motion to dismiss show that on December 21, 2018, a Champaign County prosecutor sent an email, which was

8

subsequently filed in the criminal case, writing, "It is the State's motion to dismiss this case today. Is this something that I can do today by email? I have included [Plaintiff's defense attorney] on this email as he and I have previously discussed this resolution." The same day, December 21, 2018, Champaign County Circuit Judge Heidi N. Ladd entered a docket entry, "Cause Dismissed. On motion of the State, by email, this Cause is ordered dismissed and stricken. Bond of the Defendant discharged first pursuant to any bond assignment on file, and remaining bond is to be discharged to the person who posted the bond. Copy of email ordered filed." Then, on February 11, 2019, the final docket entry in the case reads, "Case dismissed. Status: Closed Report: Terminated Feb 11, 2019."

Plaintiff argues he is not required to negate in the Complaint an affirmative defense such as the statute of limitations, and argues that regardless, the documents Defendants attach are consistent with the Complaint and support a finding that the Complaint was timely.

The court finds Plaintiff's malicious prosecution claim is not subject to dismissal on statute of limitations grounds. The Complaint alleges, "all charges against Plaintiff were dismissed in a manner consistent with his innocence and the case against him was closed on 11 February 2019." The court finds the documents Defendants attached to their motion to dismiss are consistent with Plaintiff's allegations. At this early stage of the case, it is not appropriate for the court to resolve the contested question of which date – December 21, 2018, or February 11, 2019 – marks the termination in Plaintiff's

favor of the underlying criminal case. That determination must wait for more factual development and a procedural posture that allows a more searching analysis.

Defendants' motion is DENIED as to Count VII.

### ii. Count VI Intentional Infliction of Emotional Distress

A one-year statute of limitations also applies to Plaintiff's Intentional Infliction of Emotional Distress ("IIED") claim. See *Bridewell v. Eberle*, 730 F.3d 672, 678 (7th Cir. 2013), citing 745 Ill. Comp. Stat. 10/8-101.

A "claim of intentional infliction of emotional distress in the course of arrest and prosecution accrues on the date of the arrest." *Id.*, citing *Evans v. City of Chi.*, 434 F.3d 916, 934 (7th Cir. 2006), overruled on other grounds by *Hill v. Tangherlini*, 724 F.3d 965, 967 n.1 (7th Cir. 2013). "*Bridewell's* holding was general – not fact intensive – and courts in this district have consistently applied *Bridewell* broadly, holding that IIED claims of this sort accrue on the day of arrest, even where the distress alleged is 'intertwined' with a claim for malicious prosecution." *Friends-Smiley v. City of Chi.*, 2016 WL 6092637, at *2 (N.D. Ill. Oct. 19, 2016) (collecting cases).

Defendants argue that since Plaintiff alleges he was arrested on or about January 26, 2018, and the Complaint in this case was not filed until January 22, 2020, Plaintiff's IIED claim is untimely based on *Bridewell*.

Plaintiff seeks to distinguish *Bridewell*, arguing his emotional distress injury occurred when he learned that evidence against him had been fabricated, instead of upon his arrest. Thus, Plaintiff argues, he has not pled an "airtight defense" to his own

claim, and the claim should survive. Plaintiff cites *Baldwin v. Metro. Water Reclamation Dist. of Greater Chi.*, 487 F. App'x 304, 305 (7th Cir. Oct. 26, 2012), regarding the standard for pleading oneself out of court, but Plaintiff does not cite any authority finding an IIED claim timely under the theory that he puts forth.

The court agrees with Defendants and dismisses Plaintiff's IIED claim as untimely. Plaintiff was arrested on or around January 26, 2018, and his IIED claim accrued then. Plaintiff's January 22, 2020, Complaint was filed too late to assert this claim. See *Friends-Smiley*, 2016 WL 6092637, at *2.

Defendants' motion is GRANTED as to Count VI.

IT IS THEREFORE ORDERED THAT:

1) Defendants' Motion to Dismiss (#14) is GRANTED as to Count VI (Plaintiff's state law IIED claim) and otherwise DENIED.

2) This matter is referred to the Magistrate Judge for further proceedings consistent with this order.

ENTERED this 3rd day of September, 2020.

<u>s/ Colin Stirling Bruce</u>
COLIN S. BRUCE
U.S. DISTRICT JUDGE