15948-18
KEF/tlp

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| WAYNE COLSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 20-cv-02014-CSB-EIL |
| ) | |
| CITY OF URBANA and URBANA POLICE OFFICERS ) | |
| LT. RICHARD SURLES, SGT. MATT BAIN, MICHAEL ) | |
| CERVANTES, MICHAEL HEDIGER, ANTHONY ) | |
| MEENELY, and DAVE ROESCH, ) | |
| ) | |
| Defendants. ) | |

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, CITY OF URBANA, RICHARD SURLES, MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY and DAVE ROESCH, by Keith E. Fruehling of Heyl, Royster, Voelker & Allen, their attorneys, and for their Answer and Affirmative Defenses to the Complaint of the Plaintiff, WAYNE COLSON, state as follows:

**INTRODUCTION**

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

**ANSWER:** **This is a legal conclusion and not a factual allegation. Therefore, it does not properly call for an admission or denial. To the extent that it does, Defendants deny the allegation.**

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER: This is a legal conclusion and not a factual allegation. Therefore, it does not properly call for an admission or denial. To the extent that it does, Defendants allow the allegations of the Complaint to speak for themselves; and Defendants acknowledge Plaintiff's intent.**

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

**ANSWER: This is a legal conclusion and not a factual allegation. Therefore, it does not properly call for an admission or denial. To the extent that it does, Defendants allow the allegations of the Complaint to speak for themselves; and Defendants acknowledge Plaintiff's intent.**

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**ANSWER: This is a legal conclusion and not a factual allegation. Therefore, it does not properly call for an admission or denial. To the extent that it does, Defendants allow the allegations of the Complaint to speak for themselves. While there is no such thing as "pendent jurisdiction" under the Federal Rules of Civil Procedure and U.S. Code, Plaintiff's citation to the statute appears to invoke "supplemental jurisdiction"; and, Defendants acknowledge Plaintiff's desire for the Court to exercise "supplemental jurisdiction" over Plaintiff's alleged state law claims.**

**PARTIES**

4. Plaintiff WAYNE COLSON is a citizen of the United States of America, who, at all times relevant, resided in Champaign County, Illinois.

**ANSWER: Defendants have insufficient information with which to admit or deny the allegations of this paragraph; and, therefore deny the same.**

5. Defendants LT. RICHARD SURLES, SGT. MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY, and DAVE ROESCH, ("Defendant Officers") were, at the time of this occurrence, a duly licensed Urbana Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacity and/or supervisory capacity.

**ANSWER: Defendants deny the allegations of this paragraph as alleged to the extent that there are factual assertions, as opposed to legal conclusions.**

6. Defendant CITY OF URBANA ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officers.

**ANSWER: Admit.**

**FACTS**

7. On or around 21 January 2018, there was a shooting at or around a fraternity party that left two women injured.

**ANSWER: Admit.**

8. Defendant Officers fabricated an eyewitness identification to implicate Plaintiff and/or knew of the fabrication of eyewitness identifications that were used to implicate Plaintiff.

**ANSWER: Denied.**

9. The fabrication of the eyewitness identifications was apparent on their face as there were scratches out and the use of white out.

**ANSWER:** **Denied.**

10. Based upon that fraudulent identification, a warrant for Plaintiff's arrest was procured and he was, in fact, arrested.

**ANSWER:** **Denied.**

11. There was no probable cause or lawful justification for the arrest of WAYNE COLSON on 26 January 2018.

**ANSWER:** **Denied.**

12. The acts of Defendant Officers were intentional, willful and wanton.

**ANSWER:** **Denied.**

13. Based upon that fraudulent identification, Plaintiff was charged with multiple felonies and spent close to a year in jail for a crime he did not commit.

**ANSWER:** **Denied.**

14. Ultimately, all charges against Plaintiff were dismissed in a manner consistent with his innocence and the case against him was closed on 11 February 2019.

**ANSWER:** **Denied as alleged.**

15. As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

**ANSWER:** **Denied; and in further answering and pleading, Defendants demand strict proof of said alleged damages.**

## COUNT I: 42 U.S.C. § 1983 - False Imprisonment/Arrest

16. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants hereby adopt and incorporate their answers above to Paragraphs 1 through 15 here as and for their answer to this Paragraph 16 as though said answers were set forth in detail herein.**

17. The actions of Defendant Officers, described above, knowingly caused Plaintiff to be arrested and imprisoned without probable cause or any other justification, constituted a deliberate indifference to Plaintiff's right under U.S. Constitution in violation of the Fourth and Fourteenth Amendment.

**ANSWER: Denied.**

18. As a proximate result of the above-detailed actions, Plaintiff was injured, including the deprivation of his liberty and the taking of his person. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, including but not limited to attorney's fees, all to Plaintiff's damage.

**ANSWER: Denied; and in further answering and pleading, Defendants demand strict proof of said alleged damages.**

WHEREFORE the Defendants, RICHARD SURLES, MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY and DAVID ROESCH, pray that judgment be entered in their favor and against the Plaintiff, WAYNE COLSON, and that Defendants recover their costs of suit.

DEFENDANTS DEMAND A TRIAL BY JURY

## COUNT II: 42 U.S.C. § 1983 - Unlawful Pretrial Detention

19. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants hereby adopt and incorporate their answers above to Paragraphs 1 through 18 here as and for their answer to this Paragraph 19 as though said answers were set forth in detail herein.**

20. Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they submitted reports and statements to prosecutors with the intent of instituting and continuing judicial proceedings against Plaintiff.

**ANSWER: Denied.**

21. Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

**ANSWER: Denied.**

22. As described more fully above, Defendant Officers, while acting individually, jointly, and in conspiracy with other unnamed individuals, deprived Plaintiff of his constitutional rights by the following:

   a. Deliberately withheld and concealed exculpatory evidence including but not limited to their misconduct detailed in sections b-d;

   b. Deliberately used improper and coercive procedures to forge an identification of Plaintiff;

   c. Deliberately fabricated evidence including but not limited to falsifying police reports in an attempt to implicate Plaintiff as the perpetrator; and

   d. Deliberately spoliated witness statements and evidence in an attempt to implicate Plaintiff as the perpetrator.

**ANSWER: Denied, including each and every one of the subparts above (a. through d.).**

23. Defendant Officers continued to mislead and misdirect the criminal prosecution of Plaintiff during the pendency of his detainment.

**ANSWER: Denied.**

24. As a result of the suppression hearing finding that the confession from Plaintiff was coerced, the state dismissed all charges against Plaintiff on June 21, 2018.

**ANSWER: Denied**

25. Defendant Officers' misconduct directly and proximately caused violations of Plaintiff's constitutional rights, loss of liberty, monetary expenses, emotional distress, and other injuries.

**ANSWER: Denied.**

26. The misconduct described here was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER: Denied.**

WHEREFORE the Defendants, RICHARD SURLES, MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY and DAVID ROESCH, pray that judgment be entered in their favor and against the Plaintiff, WAYNE COLSON, and that Defendants recover their costs of suit.

DEFENDANTS DEMAND A TRIAL BY JURY

### COUNT III: 42 U.S.C. § 1983 - Supervisory Liability

27. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants hereby adopt and incorporate their answers above to Paragraphs 1 through 26 here as and for their answer to this Paragraph 27 as though said answers were set forth in detail herein.**

28. Defendant Officers violated Plaintiff's right by intentionally falsifying evidence against him and manifesting deliberate indifference to due process rights.

**ANSWER:** **Denied.**

29. Defendants Surles and/or Bain knew that Defendant Officers were about to falsify evidence against Plaintiff and manifest deliberate indifference to his due process rights.

**ANSWER:** **Denied.**

30. Alternatively, Defendant Surles and/or Bath knew that Defendants Cervantes, Hediger, and Meenely, had a practice of falsifying evidence and manifesting deliberate indifference to the due process of others in similar situations.

**ANSWER:** **Denied.**

31. Defendants Surles and/or Bath directed, tolerated, condoned, and/or ratified the misconduct and failed to take prompt remedial action.

**ANSWER:** **Denied.**

32. As a direct and proximate result of the unconstitutional conduct, Plaintiff was harmed including, but not limited to, severe pain, physical injury, mental suffering, anguish and humiliation, and loss of dignity.

**ANSWER:** **Denied; and in further answering and pleading, Defendants demand strict proof of said alleged damages.**

WHEREFORE the Defendants, RICHARD SURLES and MATT BAIN, pray that judgment be entered in their favor and against the Plaintiff, WAYNE COLSON, and that Defendants recover their costs of suit.

DEFENDANTS DEMAND A TRIAL BY JURY

# COUNT IV: 42 U.S.C. § 1983 - Conspiracy to Deprive Constitutional Rights

33. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants hereby adopt and incorporate their answers above to Paragraphs 1 through 32 here as and for their answer to this Paragraph 33 as though said answers were set forth in detail herein.**

34. As described more fully above, Defendant Officers reached an agreement amongst themselves to punish Plaintiff for a crime she did not commit, and to thereby deprive Plaintiff of his Constitutional rights, all as described more fully throughout this Complaint.

**ANSWER: Denied.**

35. In this manner, Defendant Officers, acting in concert with each other, have conspired by concerted action to accomplish an unlawful purpose by an unlawful means.

**ANSWER: Denied.**

36. In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

**ANSWER: Denied.**

37. As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and she suffered damages, severe emotional distress and anguish, and a deprivation of his liberty, as is more fully alleged above.

**ANSWER: Denied; and in further answering and pleading, Defendants demand strict proof of said alleged damages.**

38. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of Plaintiff and others.

**ANSWER: Denied.**

39. As a proximate result of the above-detailed actions of Defendant Officers, Plaintiff was injured, including the deprivation of his liberty. In addition, the violations proximately caused Plaintiff mental anguish, embarrassment, and humiliation, exposed him to public scandal and disgrace, and caused him to incur various expenses, all to Plaintiff's damage.

**ANSWER: Denied; and in further answering and pleading, Defendants demand strict proof of said alleged damages.**

WHEREFORE the Defendants, RICHARD SURLES, MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY and DAVID ROESCH, pray that judgment be entered in their favor and against the Plaintiff, WAYNE COLSON, and that Defendants recover their costs of suit.

DEFENDANTS DEMAND A TRIAL BY JURY

## COUNT V: 745 ILCS 10/9-102 - Indemnification

40. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants hereby adopt and incorporate their answers above to Paragraphs 1 through 39 here as and for their answer to this Paragraph 40 as though said answers were set forth in detail herein.**

41. Defendant City is the employer of the Defendant Officers.

**ANSWER: Admit.**

42. The individually-named defendants committed the acts alleged above under color of law and in the scope of their employment as employees of the Defendant City.

**ANSWER: Denied as alleged.**

WHEREFORE the Defendant, CITY OF URBANA, prays that judgment be entered in its favor and against the Plaintiff, WAYNE COLSON, and that Defendant recover its costs of suit.

DEFENDANT DEMANDS A TRIAL BY JURY

## COUNT VI: Intentional Infliction of Emotional Distress (State Law Claim)

Defendants do not answer Count VI, as this Count was dismissed with prejudice by Order of this Court on September 3, 2020.

## COUNT VII: Malicious Prosecution (State Law Claim)

48. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER: Defendants hereby adopt and incorporate their answers above to Paragraphs 1 through 42 here as and for their answer to this Paragraph 48 as though said answers were set forth in detail herein.**

49. By the actions detailed above, Defendant Officers knowingly sought to and did in fact maliciously prosecute Plaintiff on false charges for which they knew there was no probable cause.

**ANSWER: Denied.**

50. Defendant City is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

**ANSWER: Denied.**

51. As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

**ANSWER:** **Denied; and in further answering and pleading, Defendants demand strict proof of said alleged damages.**

WHEREFORE the Defendants, CITY OF URBANA, RICHARD SURLES, MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY and DAVID ROESCH, pray that judgment be entered in their favor and against the Plaintiff, WAYNE COLSON, and that Defendants recover their costs of suit.

DEFENDANTS DEMAND A TRIAL BY JURY

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, CITY OF URBANA, RICHARD SURLES, MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY and DAVID ROESCH, by KEITH E. FRUEHLING of HEYL, ROYSTER, VOELKER & ALLEN, P.C., their attorneys, and pursuant to Federal Rule of Civil Procedure 8(b) and (c), these Defendants set forth their Affirmative Defenses as follows:

1. The individual party-Defendants are entitled to qualified immunity.

2. The presence of probable cause at the time of the arrest defeats Plaintiff's claims.

3. The Plaintiff's state law claims are untimely pursuant to the applicable one-year statute of limitations 745 ILCS 10/8-101(a).

4. The Defendants are immune from the state law claims pursuant to 745 ILCS 10/2-202, because no employee of a local public entity is liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct; and Defendants did not act with the requisite intent.

5. Plaintiff's claim for punitive damages is improper against the City of Urbana, Illinois pursuant to 745 ILCS 10/2-102 on the state law claims because a local public entity is not liable to pay punitive or exemplary damages in any action brought directly or indirectly against it by the injured party or a third party; and said claim for damages should be stricken from the Amended Complaint.

6. Defendants are immune pursuant to 745 ILCS 10/2-201 on the state law claims in that if there are any public employees serving in a position involving the determination of policy or the exercise of discretion is not liable for an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused, to the extent that allegedly occurred.

7. Defendant, City of Urbana, Illinois, is immune pursuant to 745 ILCS 10/2-106 on the state law claims because a local public entity is not liable for an injury caused by an oral promise or misrepresentation of its employee, whether or not such promise or misrepresentation is negligent or intentional to the extent that allegedly occurred.

8. The individual party-Defendants are immune pursuant to 745 ILCS 10/2-208 on the state law claims because a public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause; and, the defendants did neither acted with the requisite intent nor acted without probable cause.

9. The Plaintiff's claims are barred by the doctrine of collateral estoppel.

10. The individual party-Defendants are immune pursuant to 745 ILCS 10/2-210 on the state law claims because a public employee acting in the scope of his employment is not liable for an injury caused by his negligent misrepresentation or the provision of information either

orally, in writing, by computer or any other electronic transmission, or in a book or other form of library material to the extent that allegedly occurred in this case.

11. The individual party-Defendants are immune pursuant to 745 ILCS 10/2-212 on the state law claims because the provisions of this Part 2 (of the statute cited above) which define or limit the liability of a public employee in terms of his doing of an act or of his failure to act apply to public employees who function jointly, in conjunction or in collaboration with other public employees as well as to those who function singly, including allegations of conspiracy.

12. Defendant, City of Urbana, Illinois, is immune pursuant to 745 ILCS 10/2-109 on the state law claims because a local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable.

DEFENDANTS DEMAND A TRIAL BY JURY ON ALL AFFIRMATIVE DEFENSES.

CITY OF URBANA, RICHARD SURLES, MATT BAIN, MICHAEL CERVANTES, MICHAEL HEDIGER, ANTHONY MEENELY and DAVE ROESCH, Defendants

BY: s/Keith E. Fruehling
Keith E. Fruehling, ARDC #: 6216098
HEYL, ROYSTER, VOELKER & ALLEN
Suite 505, 301 N. Neil Street
Champaign, IL 61820
Telephone  217.344.0060
Email:  kfruehling@heylroyster.com

# CERTIFICATE OF SERVICE

I hereby certify that on September 17, 2020, I electronically filed the foregoing ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT with the Clerk of the Court using the CM/ECF system, which will send notification to:

Brendan Shiller, Esq. – [brendan@shillerpreyar.com](mailto:brendan@shillerpreyar.com)
Shiller, Preyar, Jarard & Samuels
601 S. California Ave.
Chicago, IL 60612

I also hereby certify that I mailed by United States Postal Service the foregoing to the following non-CM/ECF participant: None.

s/ Keith E. Fruehling
Heyl, Royster, Voelker & Allen

37562540_1